IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Gabriel Samaniego-Lugo,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　　Respondents. | No. CV-11-00623-TUC-RCC<br><br>**ORDER** |

　　　　Pending before the Court is the November 16, 2012 Report and Recommendation (R & R) from Magistrate Judge Bernardo P. Velasco (Doc. 17), recommending that this Court dismiss the action in its entirety as untimely. Petitioner timely filed objections to the R & R (Doc. 21), and Respondents filed their response (Doc. 22).

　　　　As a preliminary matter, the Court notes that Petitioner also filed a Reply (Doc. 23) to Respondents' response to Petitioner's objections; however, replies are not permitted unless leave is granted by the Court. Fed. R. Civ. P. 72(b)(2). Accordingly, the Court will strike Petitioner's Reply (Doc. 23) and will not consider any arguments stated in the reply. In addition, the Court also notes Petitioner's objections exceed the 10 page limit allowed by the Local Rules. LRCiv 7.2(e)(3).

　　　　For the following reasons, this Court will adopt the R & R.

**I.　　BACKGROUND**

　　　　The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Velasco's R & R (Doc. 17). This Court fully incorporates by reference

1 the Background section of the R & R into this order.

2 **II.    LEGAL STANDARD**

3 The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

8 The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). Where the parties object to an R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

15 **III.    DISCUSSION**

16 Magistrate Judge Velasco issued a R & R recommending that this Court enter an order denying Petitioner's Petition for Writ of Habeas Corpus without leave to amend. Citing 28 U.S.C. § 2241, Judge Velasco found that the petition was untimely filed and that Petitioner was not entitled to equitable tolling. (Doc. 17 at 5-6). Judge Velasco considered Petitioner's claim that he was entitled to equitable tolling due to alleged mental illness, and thoroughly reviewed the medical evidence. However, Judge Velasco found that "Petitioner has failed to show that his mental illness rendered him unable to personally understand the need to timely file or that his mental state rendered him unable to personally prepare the petition and effectuate its filing. Neither has Petitioner demonstrated that he was adequately diligent in his efforts to file a petition given his mental impairments and the assistance available to him." (Doc. 17 at 15).

27 In his objections to the R & R, Petitioner argues three reasons that his § 2254 petition should not be dismissed: actual innocence of the charge of armed robbery, mental

illness warranting equitable tolling, and the need for an evidentiary hearing to determine the issue of feigning incompetency symptoms.

Petitioner did not allege actual innocence in his § 2254 petition; rather, he argued there was insufficient evidence to support his conviction. (Doc. 1-1 pg. 2). Petitioner did ask the Court for guidance as to whether his claim should be pursued for actual innocence or insufficient evidence, (Doc. 1-1 pg. 37), but it is not the Court's role to provide guidance as to which legal theories should be pursued. Furthermore, because Petitioner did not assert actual innocence in his petition, the argument was not properly raised before the magistrate judge. This Court has discretion to refuse to consider arguments raised for the first time by a petitioner in objections to the R & R. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012). Accordingly, the Court will not consider Petitioner's actual innocence argument.

A one year statute of limitations applies to writs of habeas corpus filed by persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The statute of limitations may be tolled during the pendency of a state court action for post-conviction relief, 28 U.S.C. § 2244(d)(2), and may also be equitably tolled when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997).

Here, Petitioner filed a petition for review with the court of appeals in May 2009, tolling the statute of limitations. The appellate court denied the petition and issued its mandate on March 22, 2010, and Petitioner did not appeal. Thus, Petitioner had one year from March 22, 2010 to file his § 2254 petition. However, Petitioner did not file his petition until September 22, 2011, making the petition untimely by six months.

While the statute of limitations may be equitably tolled for extraordinary circumstances, Petitioner bears the burden to establish circumstances warranting tolling. Petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In some cases, mental illness can constitute an extraordinary circumstance

1 beyond a petitioner's control that warrants equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). The Court must consider how the mental illness impaired a petitioner's ability to timely file the petition, and whether the mental illness caused the untimely filing. *Bills v. Clark*, 628 F.3d 1099, 1099-1100 (9th Cir. 2010).

Petitioner argues his petition should not be dismissed as untimely because he is entitled to equitable tolling based on his mental illness. Petitioner contends that the R & R improperly relies on a medical opinion by Dr. Pietz, which recommended Petitioner was not incompetent and was exaggerating his mental illness. Petitioner further argues that because Dr. Hinton found him legally incompetent, Petitioner was therefore incapable of preparing his § 2254 petition prior to June 22, 2011 (Doc. 21 at 14).

Petitioner was evaluated by Dr. Hinton in September 2010. Dr. Hinton opined that Petitioner suffered from a mental disease or defect which rendered him incompetent such that he was unable to understand the nature and consequences of the proceeding against him. After Petitioner was ordered to a medical facility for competency restoration, the facility issued a certificate of competency on June 29, 2011. A report by Dr. Pietz was attached to the certificate, and contained numerous statements suggesting Petitioner was intentionally trying to misrepresent himself as impaired, and that he was exaggerating his symptoms. (CR 00-1236, Doc. 210—Sealed).

Here, Petitioner fails to provide specific information in his petition explaining how his mental illness affected his ability to timely file the petition. In his objections, Petitioner suggests that Dr. Hinton's initial finding of incompetency should be enough to establish that Petitioner is entitled to equitable tolling up to the date the certificate of competency was issued, and that the incompetency finding alone is enough to show "Petitioner was in no position to prepare a § 2254 petition." (Doc. 21 at 14-15). However, equitable tolling does not apply in all cases where the petitioner is suffering from a mental illness, nor does it apply in all cases where a petitioner has been found incompetent.

Furthermore, a finding of incompetency does not excuse Petitioner from his

1  burden of showing how the mental illness prevented him from timely filing the petition.
2  In his objections, Petitioner states he frequently repeats himself and goes over the same
3  points when discussing his various court cases. The Court finds this insufficient to
4  constitute an extraordinary circumstance preventing Petitioner from timely filing the
5  petition. Given all of the available evidence, and considering the arguments presented in
6  Petitioner's objections to the R & R, the Court finds Petitioner has not met his burden in
7  showing his impairment was severe enough to constitute an extraordinary circumstance
8  warranting equitable tolling.

9  Petitioner also claims he is entitled to an evidentiary hearing to determine his
10 competency. (Doc. 21 at 10). Petitioner contends that the psychological reports submitted
11 by Drs. Hinton and Pietz are contradictory, and that he is entitled to a hearing to resolve
12 the conflicting reports and cross-examine the doctors. However, the issue presently
13 before the Court is not whether Petitioner was competent or not during his unrelated
14 criminal case, or whether there was conflicting medical evidence regarding Petitioner's
15 competency. Rather, the question is whether Petitioner is entitled to equitable tolling
16 based on mental illness, which the Court finds he is not.

17 Accordingly,

18 **IT IS HEREBY ORDERED** that Magistrate Judge Velasco's Report and
19 Recommendation (Doc. 17) is hereby **ACCEPTED** and **ADOPTED** as the findings of
20 fact and conclusions of law by this Court.

21 **IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus
22 (Doc. 1) is **denied** without leave to amend, and this action is **dismissed with prejudice**,
23 and the Clerk should enter judgment and close this case.

24 **IT IS FURTHER ORDERED** striking Document 23 from the record.

25 Dated this 25th day of April, 2013.

Raner C. Collins
United States District Judge